IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| TAYLOR BOWLES, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST TO FILE SURREPLY |
|---|---|
| Plaintiff, | |
| vs. | |
| OFFICER ROSSETTI, | CASE NO. 2:17-CV-1214 TS<br>Judge Ted Stewart |
| Defendant. | |

This matter is before the Court on Defendant Salt Lake City Police Officer Rossetti's ("Officer Rossetti") Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and Plaintiff Taylor Bowles' ("Bowles") Request for Permission to File Surreply in Opposition to Motion to Dismiss. For the following reasons, the Court will grant the Motion to Dismiss and deny the Request to File Surreply.

I. BACKGROUND

On Saturday, November 12, 2016, at 1:37 a.m., Officer Rossetti observed Bowles driving northbound on 200 East in Salt Lake City when she came to a complete stop at a green light. Officer Rossetti also observed that Bowles' center brake light was not working and initiated a traffic stop.

Once stopped, Officer Rossetti asked Bowles whether she consumed any alcohol that night, and Bowles said that she had one beer around 5 p.m. In his report, Officer Rossetti noted that Bowles' speech was quiet and soft, her eyes were red, bloodshot, and glossy, and during the conversation he detected the odor of alcohol coming from the vehicle. For these reasons, he asked Bowles to step out of the car to perform field sobriety tests. Bowles failed two of the three sobriety tests, and Officer Rossetti detected the odor of alcohol on Bowles during the tests. He

1

then administered a portable breath test ("PBT"), which registered Bowles' blood alcohol content ("BAC") at .095. After the test, Officer Rossetti arrested Bowles and called for a second officer to bring an Intoxilyzer 8000 so he could perform another BAC test.

At 1:55 a.m., Bowles submitted a breath test on the Intoxilyzer 8000 which registered a BAC of .077. At 2:00 a.m., she submitted a second breath sample on the same machine, and the second test registered a BAC of .076. Officer Rossetti then issued Bowles a DUI citation and Salt Lake City charged Bowles with DUI on November 18, 2016.

On December 9, 2016, Bowles' driver's license hearing was held before an administrative hearing officer with the Salt Lake City Justice Court. At the hearing, the administrative hearing officer found that Officer Rossetti "had reason to believe [Bowles] had violated [state DUI laws],"[1] but concluded that no action should be taken regarding Bowles' driving privileges. On December 14, 2016, Salt Lake City amended the information and dismissed the DUI. Bowles then filed this action asserting an unlawful arrest claim against Officer Rossetti and a malicious prosecution claim against Salt Lake City under 42 U.S.C. § 1983. In an Amended Complaint, Bowles removed Salt Lake City and asserted both claims against Officer Rossetti.

Officer Rossetti has now filed a Motion to Dismiss for Failure to State a Claim, arguing that Bowles cannot state a claim for relief because Bowles claimed that Salt Lake City initiated the prosecution, and Officer Rossetti had probable cause to arrest her for DUI. Bowles stipulated to dismissal of the unlawful arrest claim.[2] The § 1983 malicious prosecution claim is the only remaining claim.

---

[1] Docket No. 20-2, at 3.

[2] Docket No. 23, at 1 ("Bowles stipulates to the dismissal of the false arrest claim but opposes dismissal of the malicious prosecution claim.").

## II. STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

---

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

3

Finally, in considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[9] "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[11]

### III. DISCUSSION

"42 U.S.C. § 1983 allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law."[12] "Individual defendants named in a § 1983 action may raise a defense of qualified immunity, which shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law."[13] "Generally, when a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[14] Courts are permitted to "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[15]

---

[9] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[10] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[11] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[12] *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quoting *Cillo v. City Greenwood Vill.*, 739 F.3d 451, 459 (10th Cir. 2013)).

[13] *Id.* (internal citations and quotation marks omitted).

[14] *Cillo*, 739 F.3d at 460.

[15] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Officer Rossetti argues that he is protected by qualified immunity and the case should be dismissed because he had probable cause to arrest Bowles and issue her a citation, and thus, Bowles' Fourth Amendment rights were not violated. Bowles, however, argues that Officer Rossetti should not be protected by qualified immunity because he violated the Fourth Amendment when he engaged in malicious prosecution by "cit[ing] Bowles with a DUI despite no evidence to establish probable cause of a violation for either (1) operating over the legal limit of .08 or (2) being incapable of operating a vehicle safely."[16]

"[W]hen addressing § 1983 malicious prosecution claims, we use the common law elements of malicious prosecution as the 'starting point' of our analysis; however, the ultimate question is whether the plaintiff has proven the deprivation of a constitutional right."[17]

> The elements of the common law tort of malicious prosecution, as applicable in a § 1983 claim, are: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.[18]

The original action terminated in favor of Bowles, but Officer Rossetti argues that Bowles failed to adequately plead the first and third prongs because "Bowles has not alleged [that he] initiated the prosecution nor can she show he lacked probable cause to issue a citation . . . ."[19]

The Court agrees that Plaintiff cannot demonstrate that Officer Rossetti lacked probable cause. Therefore, the Court need not address Officer Rossetti's argument that he did not initiate the prosecution. Further, as to the fourth prong, the Complaint does not contain allegations that Officer Rossetti acted with malice.

---

[16] Docket No. 18, ¶ 57.

[17] *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257 (10th Cir. 2007).

[18] *Id.* at 1258.

[19] Docket No. 24, at 1.

A. *Probable Cause*

"Probable cause to arrest exists if, the facts and circumstances within the officer's knowledge are sufficient to justify a prudent officer in believing the defendant committed or is committing an offense."[20] "Probable cause only requires a probability of criminal activity, not a prima facie showing of such activity."[21] The Court "determine[s] probable cause from the totality of the circumstances taking into account both inculpatory as well as exculpatory evidence."[22]

Officer Rossetti argues that he had probable cause to make the arrest and issue the citation because a .08 BAC is not the only reason a person can be issued a DUI citation. Under Utah Code Ann. § 41-6a-502,

> (1) A person may not operate or be in actual physical control of a vehicle within this state if the person:
> (a) has sufficient alcohol in the person's body that a subsequent chemical test shows that the person has a blood or breath alcohol concentration of .08 grams or greater at the time of the test;
> (b) is under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle; or
> (c) has a blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control.

According to Officer Rossetti, "it is undisputed from the blood-alcohol content test results, [his] observations, and Bowles' own admissions, that [Bowles] was under the influence of alcohol."[23] Further "Officer Rossetti believed Bowles was incapable of operating her vehicle safely when she exhibited a notable and unusual driving pattern when she came to a complete stop at a green

---

[20] *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

[21] *Id.*

[22] *Id.* at 814.

[23] Docket No. 24, at 4.

6

light," and when "Bowles could not follow instructions and made multiple missteps during the field sobriety tests, leading to her to fail two of the three tests."[24]

Bowles argues that Officer Rossetti lacked probable cause since the two BAC tests administered after the PBT test resulted in a BAC below .08. And while Bowles acknowledges that Utah's DUI statute criminalizes driving when incapable of operating the vehicle safely, she argues that "Officer Rossetti made no findings to support this alternative basis for culpability."[25]

The Court finds that Officer Rossetti had probable cause to issue the DUI citation. Even though two BAC tests resulted in a BAC below .08, the facts and circumstances surrounding the stop were sufficient to justify Officer Rossetti's belief that Bowles was under the influence of alcohol and incapable of safely operating her vehicle, thereby violating section 1(b) of Utah's DUI statute. Not only did Bowles stop at a green light, but Officer Rossetti smelled alcohol coming from her car; smelled alcohol coming from her; observed physical symptoms of intoxication; administered three field sobriety tests, of which Bowles failed two; and administered a PBT that resulted in a BAC of .095. Finally, the administrative hearing officer found that Officer Rossetti had reason to believe that Bowles violated Utah Code Ann. § 41-6a-502.[26] Bowles does not controvert these facts. The Court, therefore, finds that Officer Rossetti had probable cause to issue Bowles a DUI citation.

---

[24] *Id.*

[25] Docket No. 23, at 2 n.1.

[26] Docket No. 20-2, at 3.

B. *Malice*

"[M]alice, in the context of malicious prosecution, requires evidence of intent, not mere negligence."[27] In other words, a showing of malice "requires intentional or reckless disregard of the truth."[28]

The Complaint fails to provide any allegations of malice on the part of Officer Rossetti, but Bowles argues that Officer Rossetti misrepresented a material fact and engaged in malicious prosecution when he issued the citation despite the exculpatory evidence of the Intoxilyzer 8000 BAC results. However, Officer Rossetti reported the results of those tests and there are no allegations that he misrepresented any information provided in his report.

Officer Rossetti did not conceal or misrepresent any of his findings. He reported the two tests with a BAC lower than .08 along with his other observations. Further, Bowles has not asserted that Officer Rossetti did anything after the issuance of the citation to prolong the prosecution. Therefore, the Court finds that Bowles failed to plead malice.

Finally, because Officer Rossetti had probable cause for issuing the citation, and Bowles failed to plead malice or offer any other arguments that her constitutional rights were violated, the Court finds that Bowles' Fourth Amendment rights were not violated, and Officer Rossetti is entitled to qualified immunity. Therefore, the Court grants Officer Rossetti's Motion to Dismiss.

C. *Motion to File Surreply*

Bowles also filed a Request for Permission to File Surreply in Opposition to Motion to Dismiss, arguing that she should have the opportunity to respond to the following new arguments in Officer Rossetti's Reply:

---

[27] *Chavez-Torres v. City of Greeley*, 660 F. App'x 627, 629 (10th Cir. 2016).

[28] *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010); *Robinson v Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990) (holding sufficient evidence of malice where "the defendants purposely concealed and misrepresented material facts").

(1) the complaint alleges that the City, rather than Officer Rossetti, initiated the DUI prosecution;
(2) the existence of probable cause for the brake light violation excuses the lack of probable cause for the DUI citation; and
(3) Officer Rossetti believed, in contradiction to the allegations in the amended complaint, that Bowles was incapable of safely operating a vehicle, thereby providing Rossetti with probable cause to initiate Bowles' prosecution.[29]

"Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply."[30]

As for the first and second arguments, the Court did not rely on them in making its determination. Therefore, additional briefing on these arguments is not necessary.

Finally, the last argument listed by Bowles is not new. Officer Rossetti outlined his observations regarding Bowles' incapability of safely operating a vehicle and included the full police report in his Motion to Dismiss. Officer Rossetti specifically argued that he had probable cause to issue the citation, notwithstanding the results of the Intoxilyzer 8000.[31] Bowles similarly recognized that a BAC of .08 was not the only grounds for issuing a DUI citation,[32] but incorrectly stated that Officer Rossetti made no findings to support this alternative basis for culpability. That claim is contradicted by the record.[33] And while Bowles decided not to address

---

[29] Docket No. 25, at 2–3.

[30] *Green v. N.M.*, 420 F.3d 1189, 1196 (10th Cir. 2005) (internal citations and quotation marks omitted).

[31] *See* Docket No. 20, at 6–8. While this specific argument was made in relation to the now-dismissed wrongful arrest claim, it was reiterated in relation to the malicious prosecution claim. *Id.* at 9.

[32] *See* Docket No. 23, at 2 n.1.

[33] Docket No. 20-1 (including Officer Rossetti's police report and related observations).

these facts and their inherent arguments in her Opposition, she had the opportunity. Therefore, the Court denies Bowles' Motion.

## IV. CONCLUSION

It is therefore

ORDERED that Officer Rossetti's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Docket No. 20) is GRANTED. It is further

ORDERED that Bowles' Request for Permission to File Surreply in Opposition to Motion to Dismiss (Docket No. 25) is DENIED.

DATED this 12th day of June, 2018.

BY THE COURT:

_____
Judge Ted Stewart